■ In the Matter of DANIEL ARRANCE, Petitioner, v JAMESTOWN BOARD OF PUBLIC UTILITIES, Respondent. [796 NYS2d 493]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [Frederick J. Marshall, J.], entered November 12, 2003) to annul a determination of respondent. The determination discharged petitioner from his employment upon the ground of misconduct.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he engaged in misconduct and upholding his dismissal from his employment with respondent. We recently confirmed the determination that petitioner's coworker, Peter Parla, engaged in misconduct and upholding Parla's dismissal from employment, noting in our decision that Parla "admitted at the hearing [conducted pursuant to Civil Service Law § 75] that he provided the owner of a pharmacy with people's names and social security numbers in return for cash payments" (*Matter of Parla v Jamestown Bd. of Pub. Util.*, 17 AD3d 1152, 1152 [2005]). Petitioner herein admitted at his Civil Service Law § 75 hearing that he solicited those names and social security numbers and provided them to Parla, who in turn provided them to the owner of the pharmacy. In addition, petitioner admitted that he knew or at least suspected that what he was doing was not on the "up and up," and was "probably illegal or wrong." Contrary to petitioner's contention herein, and as we previously noted in *Parla*, "respondent was required to prove that petitioner engaged in misconduct (*see* § 75 [2]), but not necessarily the specific misconduct of a criminal conspiracy to defraud" (*id.* at 1151). Also contrary to petitioner's contention, "there is substantial evidence in the record to support the determination that petitioner was guilty of misconduct" (*id.* at 1151-1152). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.